Gertrude Cooper MAXWELL, Appellant,

v.

William MAXWELL, Appellee.

Court of Appeals of Kentucky.

Oct. 13, 1961.

As Modified on Denial of Rehearing Dec. 8, 1961.

opportunity to be together. Nothing has been presented which would lead us to conclude that he did not act with the best interests of the child in mind—the main criterion of this type of case. The appellant moved that we invoke RCA 1.260 because of the appellee's failure to file brief. On full consideration of the case, the Court refuses to do so—the application of the rule being discretionary with this Court.

The judgment is affirmed.

Cawood Smith, Harlan, for appellant.

Appellee not represented by counsel.

MILLIKEN, Judge.

This is an appeal by the mother of a thirteen year old boy, Dorsey Lyon Maxwell, from a judgment awarding the father annual custody of the boy from the time school is out in the spring until July 15th, or a period of about six weeks. In the same order the father was directed to increase his monthly support payments.

The father and mother were married in 1944 and divorced in 1953, the mother obtaining agreed custody of the boy, their only child. The mother has not remarried, has been employed steadily and in large measure has supported and reared the son with the help of his maternal grandparents. The boy likes his father well enough, but expressed a desire to stay with his mother in the summer.

We have here a battle of devotion—two parents of good character unable to resolve their differences about a child they love. The father now lives and works in Hamilton, Ohio, approximately two hundred miles from the boy's home. The chancellor saw and heard the parties and the witnesses, and, as a consequence, concluded that father and child should have a better